IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARNELL REDFERN, #296373　　　　　*
　　　　Plaintiff,
　v.　　　　　　　　　　　　　　　*　CIVIL ACTION NO. ELH-13-2318

WARDEN, KATHLEEN GREEN　　　　*
　　　　Defendant.
　　　　　　　　　　　　　　　*****

MEMORANDUM

Eastern Correctional Institution ("ECI") inmate Darnell Redfern filed a motion for temporary restraining order on August 7, 2013, in which he challenged his placement on administrative segregation, rather than protective custody status. ECF No. 1. Redfern claimed that his life has been in "grave danger" for some time as he has been continually threatened and assaulted and has had "gang hits" placed upon him. *Id*.

The matter was construed as a complaint under 42 U.S.C. § 1983 for injunctive relief and, on August 12, 2013, the court issued a show cause order. ECF No. 2. The Office of the MARYLAND Attorney General ("OAG") was ordered to file a response to the complaint within 14 days. And, Redfern was required to submit the civil filing fee or, in the alternative, a motion for leave to proceed in forma pauperis. *Id*.

No documents have been filed by Redfern to date. On August 22, 2013, the OAG filed a show cause response, ECF No. 4, accompanied by a declaration from ECI Administrative Sergeant Michelle M. Switalski, the Litigation Coordinator at ECI, dated August 22, 2013. ECF No. 4-1. That same date, the court issued an Order which construed the show cause response as a motion for

1

summary judgment (the "Motion"), apprised Redfern of his rights and responsibilities to respond to defendant's filing, and directed the Clerk to issue a notice to Redfern of the summary judgment motion, pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 5. That notice was mailed to Redfern on August 23, 2013. ECF No. 6. On December 18, 2013, the OAG filed a supplemental show cause response, ECF No. 7, along with a Declaration of Administrative Sergeant Michelle Switalski, dated December 17, 2013. ECF No. 7-1. As of the within signature date, the Motion remains unopposed.

    A.    STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Additionally, no genuine issue of material fact will be found if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

To allege a constitutional failure-to-protect claim, Redfern must demonstrate the ways in which defendant knew of and disregarded an excessive risk to his health and safety. A defendant must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Thus, defendant must have knowledge both of the risk of harm and also that his conduct is inappropriate in light of that risk. *See Rich v. Bruce,* 129 F.3d 336, 339-40 (4th Cir. 1997). Moreover, Redfern must allege ways in which defendant's actions (or inactions) resulted in "serious or significant physical or emotional injury." *Brown v. North Carolina Dep't of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010); *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).

Under the law in this circuit, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S.7, 20-24 (2008); *Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

B. DISCUSSION

According to the unopposed materials, Redfern completed his disciplinary segregation sentence on March 20, 2013, was placed on administrative segregation the following day, and is on the waiting list for assignment to ECI protective custody housing. ECF No. 4-1. The record shows that Redfern's administrative segregation cellmate has a similar housing status, Redfern's meals are delivered directly to his cell and passed to him by an officer through a slot in his cell door which is then locked, and Redfern's out-of-cell movement, *i.e.* daily shower, telephone calls, and recreation time, is under the escort of a correctional officer at all times. *Id.* Switalski affirms that Redfern has no enemies housed at ECI and that he will be placed on protective custody assignment as soon as bed space becomes available. Indeed, it appears that less than one month after the filing of the initial

3

show cause response, Redfern was assigned to protective custody. *Id*. In the supplemental show cause response, Administrative Sergeant Switalski affirmed that on September 20, 2013, Redfern was moved to protective custody housing. ECF No. 7-1.

Based upon the unopposed declaration of ECI Administrative Sergeant Switalski, Redfern has failed to show that he will succeed on the merits of his case and that he is subject to immediate and irreparable harm if emergency relief is not granted. There is no demonstration of deliberate indifference on the part of ECI staff. Redfern was placed on administrative segregation and is now housed on protective custody status. Further, his complaint for injunctive relief has been rendered moot, as he has received the sought-after relief. Therefore, the case shall be dismissed, without prejudice.

For the foregoing reasons, the Court will, by separate Order, GRANT defendant's court-construed motion for summary judgment and SHALL DISMISS the Complaint, without prejudice.

Date: January 27, 2014.

/s/
Ellen Lipton Hollander
United States District Judge